UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
     v.                             )   CR. No. 11-186 S
                                    )
JOSEPH CARAMADRE; and               )
RAYMOUR RADHAKRISHNAN,              )
                                    )
          Defendants.               )
_____ )


**OPINION AND ORDER**

WILLIAM E. SMITH, United States District Judge.

Before the Court is Defendant Joseph Caramadre's motion to sever his trial from that of his co-Defendant, Raymour Radhakrishnan. For the reasons set forth below, the motion is denied.

I.  Background

On November 17, 2011, Defendants Caramadre and Radhakrishnan were charged in a sixty-six count indictment with wire fraud, mail fraud, conspiracy, identity fraud, aggravated identity theft, and money laundering. In addition, Caramadre was charged with one count of witness tampering. (See generally Indictment, ECF No. 1.) The Indictment accuses Caramadre of devising and implementing a fraudulent scheme, later joined by Radhakrishnan, to make millions of dollars by securing the identities of terminally-ill people through material

misrepresentations and omissions, and then using those identities to purchase variable annuities and corporate bonds with death-benefit features.

Trial is scheduled to begin in November 2012, and, due to the number of transactions, the number of people involved (the government expects to call over seventy-five witnesses), and the duration of the alleged scheme (dating back to the 1990s), the trial is expected to span between three and four months.

On August 2, 2012, Radhakrishnan notified the Court of his intent to proceed pro se. (ECF No. 73.) A hearing was held on August 7, 2012, and the Court, after a thorough discussion with Radhakrishnan, granted the motion and appointed Radhakrishnan's current counsel, Olin Thompson, as standby counsel. (See generally Hr'g Tr., Aug. 7, 2012, ECF No. 77.) This motion followed.

II. Discussion

A. Prejudice to Caramadre

Caramadre argues that Radhakrishnan's pro se representation will result in "irremediable prejudice" to Caramadre and the only way to ensure Caramadre receives a fair trial is to sever. Specifically, Caramadre has two concerns: first, Radhakrishnan will make serious errors at trial which will prejudice Caramadre; second, Radhakrishnan will make unsworn statements in

2

his capacity as pro se counsel which Caramadre will not be able to cross-examine.

As this Court previously explained when Radhakrishnan made a similar motion to sever, "joint trials are preferred in the federal system because '[t]hey promote efficiency and serve the interests of justice by avoiding the . . . inequity of inconsistent verdicts.'" United States v. Caramadre, Cr. No. 11-186 S, 2012 WL 3044248, at *1 (D.R.I. July 25, 2012) (quoting Zafiro v. United States, 506 U.S. 534, 537 (1993)). This is especially true in a conspiracy case. Id.; United States v. Celestin, 612 F.3d 14, 19 (1st Cir. 2010) (quoting United States v. Peña-Lora, 225 F.3d 17, 33 (1st Cir. 2000)). As a result, a court should sever a trial only when "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Celestin, 612 F.3d at 19 (quoting Zafiro, 506 U.S. at 539) (internal quotation marks omitted); see also Caramadre, 2012 WL 3044248, at *1.

In this circuit, "[a] codefendant's pro se representation is not, without more, grounds for a severance; a defendant must additionally show that strong prejudice resulted from the representation." United States v. DeMasi, 40 F.3d 1306, 1313 (1st Cir. 1994) (citing cases). Indeed, the prejudice must be "so pervasive that a miscarriage of justice looms." United

3

States v. Sotomayor-Vazquez, 249 F.3d 1, 17 (1st Cir. 2001) (quoting United States v. Pierro, 32 F.3d 611, 615 (1st Cir. 1994)) (internal quotation marks omitted); see also Celestin, 612 F.3d at 21. Caramadre is unable to overcome this high bar.

Caramadre quotes extensively from the August 7 hearing, emphasizing the Court's admonitions that Radhakrishnan would make mistakes during trial, and argues that these mistakes will prejudice Caramadre. (Caramadre Mot. to Sever 1-3, ECF No. 80.) However, Caramadre takes these quotes out of context. While the Court did stress its belief that Radhakrishnan would make mistakes during trial – in fact, it stated that Radhakrishnan would "likely make a serious mistake . . . . [which] could irrevocably damage [his] case in front of the jury" – these warnings do not suggest the Court believes Caramadre will be prejudiced. (Hr'g Tr. 5:15-18.) To the contrary, the Court warned Radhakrishnan that these errors could actually benefit Caramadre:

> And now, you understand that you will not be able to rely on Mr. Traini and Mr. Lepizzera, who represent Mr. Caramadre, to necessarily do things in the course of the trial like make objections or arguments that will help you out. It may be they don't want to help you out. It could be that they see that the interest of their client is different than your interest. So you might think that they're going to step up and do something like make an objection to something and they're not going to do it,

> leaving you by yourself, to fend for yourself.
>
> . . . .
>
> You may not know whether they're staying quiet in a situation where you're getting damaged and you don't know enough about the Rules of Evidence to make an objection where you ought to be making objections and they're not helping you.

(Hr'g Tr.7:3-20.)

The same is true for any unsworn statements Radhakrishnan may make in his role as <u>pro se</u> counsel. As the Court has repeatedly stated, Radhakrishnan will, undoubtedly, make errors in this capacity. (<u>See generally</u> Hr'g Tr.) However, it is entirely possible that these errors will undermine Radhakrishnan's defense while strengthening Caramadre's. Moreover, Caramadre will have the benefit of communicating with Radhakrishnan directly and using his own words against him. (<u>See</u> Hr'g Tr. 19:24-20:5 ("I think you [Mr. Traini] are free to communicate with Mr. Radhakrishnan as you would with counsel for any other defendant and that he understands and needs to understand that you are communicating with him not as his lawyer, but as Mr. Caramadre's lawyer, and that there may be risks associated with his communicating with you directly . . . .").)

5

Tellingly, it has been over one month since Radhakrishnan opted to represent himself, yet Caramadre has pointed to no actual decision or action Radhakrishnan has made as a pro se defendant that has prejudiced Caramadre. To conclude that any mistake Radhakrishnan might make in the future will prejudice Caramadre is pure speculation. Speculation and assumption, based solely on hypotheticals and what-ifs, are insufficient to sever a trial. See Celestin, 612 F.3d at 21; Sotomayor-Vazquez, 249 F.3d at 17; DeMasi, 40 F.3d at 1313.

B. Preventative Measures

Though the Court denies Caramadre's motion to sever the joint trial, it does not take lightly the added challenges created by Radhakrishnan's decision to go pro se. Caramadre is not wrong to express concern that Radhakrishnan's errors and actions could impact Caramadre. In the Court's view, however, these concerns, and the effects of any mistake Radhakrishnan may make, can be managed by the Court. To that end, the Court has named Mr. Thompson – Radhakrishnan's appointed counsel who is extremely educated on the case – standby counsel. (Hr'g Tr. 14:25-14:1.) To the Court's knowledge, Radhakrishnan has been consulting with Mr. Thompson over the past month.

Regarding unsworn statements, any risks associated with them can be mitigated by jury instructions. The Court will explain Radhakrishnan's status to the jury and help the jury

differentiate between Radhakrishnan's role as attorney and role as Defendant.  This instruction, as well as any other instruction that is needed due to Radhakrishnan's pro se status, will be given at the beginning of trial, at the close of trial, and any other time the Court (either sua sponte or at the parties' behest) feels it is necessary.

And finally, the Court reminds Radhakrishnan that his right to self-representation is not absolute, nor is his decision to proceed pro se irreversible.  If his self-representation threatens the integrity of the trial and/or Caramadre's right to a fair trial, the Court retains the ability to terminate Radhakrishnan's self-representation and require Mr. Thompson to step in.  See United States v. Sacco, 563 F.2d 552, 557 (2d Cir. 1977).  Further, Radhakrishnan may, at any point, request that Mr. Thompson take over his representation, as often happens in pro se cases.

III. Conclusion

For all of the foregoing reasons, Caramadre's motion to sever is, therefore, DENIED.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:   September 21, 2012